AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
для the

Southern District of Ohio

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 2:22-mj-653 |
| | ) | |
| | ) | |
| | ) | |
| Mikael Kenneth WATERS | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  08/17/2022  in the county of  Franklin  in the Southern District of  Ohio , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Possession of a Firearm or Ammunition by a Previously Convicted Felon |

This criminal complaint is based on these facts:
See Attachment A

☒ Continued on the attached sheet.

*Complainant's signature*

David A. Mancini, ATF Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/30/2022

Chelsey M. Vascura
United States Magistrate Judge
*Judge's signature*

City and state:  Columbus, Ohio

Chelsey M. Vascura - United States Magistrate Judge
*Printed name and title*

AO 91 (Rev. 11/11) Criminal Complaint

## ATTACHMENT A

I, David Mancini, being duly sworn, depose and state that:

I am a Columbus, Ohio Police Department (CPD) Officer assigned as a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been a CPD officer for approximately sixteen (16) years. I have been a TFO for approximately one (1) year. As a result of my standing as an ATF Task Force Officer, I am authorized to carry firearms, execute warrants, make arrests for offenses against the United States, and perform other such duties as authorized by law.

1. This affidavit is made in support of a criminal complaint against Mikael Kenneth WATERS, DOB 11/08/1998, for a violation of Title 18, U.S.C., 922(g)(1)–Possession of a Firearm and/or Ammunition by a Convicted Felon. The statements in this affidavit are based upon my training and experience, consultation with other experienced investigators and agents, review of related police reports, and other sources of information relative to firearms investigations. This affidavit is intended to set forth probable cause in support of the criminal complaint and does not purport to set forth all of my knowledge regarding this investigation.

2. On or about August 17, 2022, Columbus Police Department (CPD) Officers were dispatched to 1805 Channingway Court West, Columbus, Ohio, on the report of two males with guns. Upon arrival officers observed four or five unknown males standing near a blue Chrysler 300 bearing the Ohio Tag JUD2131. Once the unknown males observed the officer's, three or four of the unidentified males immediately walked into a nearby apartment and one of them ran northbound.

3. Officers observed a male, later identified as WATERS, with a ski mask and a black shirt sitting in the driver's seat of the Chrysler. An Officer approached the driver's side of the vehicle and observed what appeared to him to be a black handgun sitting on the back seat of the vehicle. The Officer attempted to speak with WATERS, but WATERS rolled up the window and locked the doors. The Officer advised WATERS it was not illegal to own a firearm and that they were dispatched to the location because they received a complaint of two males with guns arguing. An Officer observed WATERS grab his car keys to turn the vehicle on when WATERS was advised not to turn the car on. An Officer then positioned a cruiser in front of WATERS vehicle so he would not be able to drive away. WATERS stated the handgun in the back seat was a pellet gun and he did not want to unlock his car doors so officers could verify it was a pellet gun. WATERS then took off his coat and covered the gun in the back seat.

4. Officers were able to obtain WATERS identification and verified that WATERS was not allowed to possess a firearm because of a previous robbery conviction.

5. Officers then advised WATERS that if he did not open his door, they would break the car window and remove him from the vehicle. WATERS refused to cooperate, and Officers broke the window and placed WATERS into handcuffs. Officers performed a search of WATERS and located a Makarov P-64 9MM serial number B800605 in the front pocket of WATERS' gym shorts. The Makarov P-64 9MM serial number B800605 had one live round in the chamber and six rounds in the magazine.

6. Officers recovered the gun that was in plain view on the back seat of the vehicle and discovered that it was a pellet gun. Officers conducted a search of the Chrysler 300 and located a Glock 22 .40 caliber, serial number BAVZ760 under the front passenger seat. The handgun had one live round in the chamber and six rounds in the magazine. Officers ran the two handguns through LEADS and discovered that the Glock 22 .40 caliber, serial number BAVZ760 that was reported stolen from Vance Outdoors in Obetz, Ohio on August 14, 2022.

7. WATERS was transported to CPD Headquarters and interviewed by a CPD Detective. The CPD Detective advised WATERS of his rights and WATERS signed a Miranda Rights Waiver stating that he understood his rights.

    a. During the interview WATERS stated that he did not roll the windows down because he had a "Gun" on him. WATERS stated that he obtained the Makarov P-64 9MM serial number B800605 from the "streets" and he had possessed it for about two months. WATERS stated that he purchased the Makarov P-64 9MM serial number B800605 for approximately $150.00.

    b. WATERS stated there were multiple people hanging around the car that night and that he was only at 1805 Channingway Court West for approximately 20 minutes. WATERS also stated that he believes someone threw the Glock 22 .40 caliber, serial number BAVZ760 into the car when the Officers arrived, and everyone ran.

    c. WATERS stated that he knew that he could not possess a firearm due to his previous Robbery conviction.

    d. WATERS stated that whoever was on the passenger side of his vehicle when the Officers showed up, must have thrown the Glock 22 .40 caliber, serial number BAVZ760, into his vehicle.

8. ATF TFO Orick reviewed Franklin County; Ohio Jail Global Tel Link calls made by Franklin County Ohio inmate Mikael WATERS. On August 17th, 2022, at approximately 0906hrs, WATERS placed a call to Tonshaya Pipkin at 614-372-3457 from the Franklin County, Ohio Jail.

9. According to a summary of the call made by TFO Orick, during the call WATERS tells Pipkin to "text Jay and them". "Tell then they owe down bro". WATERS says, "Don't give them the car or nothing". "That nigga left his shit in the car". "Dumbass left his gun in the car". Pipkin responds "Yeah he said that". Later, in the conversation WATERS said, "I would have been cool if they wouldn't have seen that dumbass bb gun in the back seat". WATERS ask Pipkin "what did bro say about leaving his shit in the car"? Pipkin responds saying that "he said he was trying to get it, but it was so far under the seat". WATERS goes on tell Pipkin "The whole time the police was saying it was stolen, I was just telling dumb dumb, if you feel like this and you could go fed, leave the bitch in the house." "Like you know all this about this bitch". The Franklin County, Ohio Jail calls placed by WATERS will be maintained by ATF as evidence.

10. SA Aaron Green received a verbal Interstate Nexus Determination which was conducted by ATF Special Agent Jason Burns on the aforementioned firearms to determine the origin and status as to travel in interstate and/or foreign commerce. SA Burns is an ATF Interstate Nexus Expert, is a graduate of the ATF Firearms Interstate Nexus Training School, and is certified in making firearms and ammunition interstate nexus determinations. SA Burns determined that the aforementioned firearm, specifically the Glock 22, .40 caliber pistol, with serial number BAVZ760 and Makarov, P64, 9mm firearm with serial number BB00605 were not manufactured in the State of Ohio and therefore moved/affected interstate/foreign commerce to arrive in the State of Ohio.

11. Your affiant states that the offenses occurred in the Southern District of Ohio.

12. WATERS has previously been convicted of offenses punishable by a prison term exceeding one year. According to certified copies of judgment orders from the Franklin County Court of Common Pleas, WATERS has been convicted of at least two such offenses:

    a. in Franklin County Court of Common Pleas Case Number 2020-CR-1360, Having Weapons While Under Disability, a felony of the 3rd degree, on or around February 28, 2021.

    b. in Franklin County Court of Common Pleas Case Number 15-CR-6135, Robbery with a one-year Firearm Specification, a felony of the 2nd degree, on or around September 16, 2016.

AO 91 (Rev. 11/11) Criminal Complaint

13. Because WATERS was incarcerated over a year for one or more of these convictions, he was aware that one or more of the offenses for which he was convicted was punishable by a prison term exceeding one year.

14. Based upon the aforementioned information and events, and your affiant's training and experience in dealing with federal firearms violations, your affiant believes that probable cause exists to believe that on or around August 17, 2022, Mikael WATERS, knowing he was a previously convicted felon, did knowingly possess a firearm which was not manufactured in the State of Ohio and therefore travelled in and/or affected interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

David A. Mancini, ATF Task Force Officer

Sworn to before me and signed in my presence.

The Honorable Chelsea M. Vascura
United States Magistrate Judge
Southern District of Ohio

9/30/2022
Date